UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLARD KEENE, | Civil Action No. 05-828(AET) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| SEARS ROEBUCK & CO., INC., et al., | |
| Defendants. | |

**HUGHES, U.S.M.J.**

This matter is before the Court upon the Motion of Plaintiff Willard Keene ("Plaintiff") for Leave to File an Amended Complaint. Defendants Sears Roebuck & Co., Inc. and Somiya Bhatnagar ("Defendants") oppose the motion. Plaintiff's complaint initially alleged violations of the New Jersey Law Against Discrimination ("NJLAD"), age discrimination, intentional infliction of emotional distress, breach of contract, and breach of implied covenant of good faith and fair dealing. Plaintiff amended his complaint in March 2005 to include discrimination based on handicap. Plaintiff's present motion to amend his complaint to include race and/or national origin discrimination comes after Defendants' summary judgment motion has been heard and decided and a final pretrial order has been entered. The Court reviewed the written submissions of the parties and conducted oral argument on January 3, 2007. For the reasons that follow, Plaintiff's Motion to Amend/Correct Complaint is denied.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

*A.    Factual Background*

Plaintiff was hired by Sears, Roebuck & Company ("Sears") as a Sales Associate at a store in Ocean Township, New Jersey on July 16, 1991 and served as an employee of Sears for twelve (12)

years.  (Pl.'s Ltr. Br. at 5).  During his employment, Plaintiff had no disciplinary action taken against him for any reason.  Id.  In 1999, when Plaintiff was 59 years old, he was transferred to the "Brand Central" Department, "one of the most lucrative placements for a Sales Associate."  Id. at 6, 14.  Following his transfer, Plaintiff continued his employment without any disciplinary problems.  Id. at 7.

Around the time of Plaintiff's transfer, Sears changed its business practices by increasing its emphasis on customer satisfaction and giving sales associates authority to implement the changes.  Id.  As part of this new emphasis on customer enthusiasm, Sears gave sales associates more autonomy in their decisions without requiring them to first obtain management approval before adjusting the price of merchandise.  Id. at 10.  For example, sales associates were permitted to extend a discount of up to 10% to customers for various reasons without first obtaining management approval.  Id. at 11.  Sears included this new philosophy in the company's written policies.  Id.

In October 2002, Somiya Bhatnagar, a 29 year old male "of foreign descent,"[1] was hired as Store Manager in the Ocean Township Sears store where Plaintiff was employed.  Id. at 14.  Plaintiff contends that Mr. Bhatnagar treated him with hostility, frequently ignored him or failed to acknowledge him, and deliberately failed to speak to Plaintiff by name.  Id.  As an example, Plaintiff alleged that, in one instance, Mr. Bhatnagar directed that a refund be "credited to Mr. Keene's account even though Mr. Keene was not the original associate who rang the transaction" which resulted in a reduction of Plaintiff's revenue figures used to calculate payment and commissions.

---

[1] This description of Mr. Bhatnagar was gratuitously included in the original Complaint.  (Pl.'s Compl. at ¶ 9; see also Pl.'s First Am. Compl. at ¶ 9).  In Plaintiff's proposed Second Amended Complaint, he described Mr. Bhatnagar as a man of "Indian/Asian descent."  (See Pl.'s Second Am. Compl. at ¶ 9).

Id.

During the week of December 9, 2002, Plaintiff extended discounts to eight (8) customers within a two day period. Id. at 14-15. Some of the discounts extended by Plaintiff during this week were the result of a sale that was scheduled for Saturday of the same week. Id. at 16. The discounted prices paid by these customers during the week were no less than the price the customers would have paid if the merchandise had been purchased during the sale on Saturday. Id. at 17.

On December 14, 2002, Plaintiff was brought into the office in the presence of Mr. Bhatnagar and told that he had improperly extended discounts to customers during the week of December 9, 2002. Id. at 18. During this meeting, Plaintiff was instructed to provide a written statement which required his date of birth and all of the facts and circumstances regarding the discounts Plaintiff extended. Id. Plaintiff claims that during this meeting, Mr. Bhatnagar treated Plaintiff with hostility by refusing to address Plaintiff by name and instructing the Asset Production Manager not to provide Plaintiff with a copy of his own statement. Id. Following the meeting, Plaintiff was "directed to leave the store and that he was suspended until further notice." Id.

On December 16, 2002, Plaintiff was called into the store to discuss with Mr. Bhatnagar the status of his employment. Id. at 19. Plaintiff contends that Mr. Bhatnagar was hostile and demeaning during this meeting by demanding that Plaintiff immediately "sit down" and by talking to Plaintiff through Angela Velardi, a witness. Id. Mr. Bhatnagar then told Plaintiff that he was being terminated for violating Company policy. Id. Plaintiff contends that Mr. Bhatnagar refused to explain what policy Plaintiff had violated and told Plaintiff that there were no avenues of appeal. Id. Plaintiff claims that he never received any termination letter or other document explaining the basis for his termination. Id. at 20. Internal corporate documentation of Sears indicates that Plaintiff

retired and makes no mention of his being terminated.  Id.

Also on December 16, 2002, Mohammad Moinuddin, a 43 year old male, was hired to fill Plaintiff's position in the Brand Central Department.  Id.  Plaintiff states that Mr. Moinuddin is also of Indian/Asian descent.[2]  Id.  Plaintiff further contends that Mr. Moinuddin extended a 25% discount to Mr. Bhatnagar's cousin.  Id. at 27.  Plaintiff further claims that Mr. Bhatnagar himself extended unauthorized discounts to his cousin and his cousin's relative, which were not viewed as violations of company policy by Sears, in direct contrast to Defendants' treatment of Plaintiff.  Id. at 26.

B.  *Procedural History*

On December 9, 2004, Plaintiff filed a Complaint against Defendants in the Monmouth County New Jersey Superior Court alleging (1) violations of the New Jersey Law Against Discrimination ("NJLAD"), including age discrimination, (2) intentional infliction of emotional distress, (3) breach of contract, and (4) breach of implied covenant of good faith and fair dealing. (See Pl.'s Compl.).  Paragraph nine (9) of Plaintiff's initial Complaint made reference to Mr. Bhatnagar's national origin although the specific nature of his national origin was not known to Plaintiff at that time.  (Pl.'s Reply Ltr. Br. at 2).  Defendant Sears, Roebuck and Co. removed the case to federal court on February 14, 2005.  (See Dkt. no. 05-828, entry no. 1).

---

[2] Plaintiff's original Complaint and First Amended Complaint do not mention Mr. Moinuddin by name, but state that "[a]fter plaintiff's termination, he was replaced with individuals who were younger and did not suffer from medical disabilities."  (Pl.'s Compl. at ¶ 14; Pl.'s First Am. Compl. at ¶ 14).  Plaintiff's proposed Second Amended Complaint states that "[o]n or about the day that Mr. Keene was terminated by Mr. Bhatnagar, a younger individual, who, like Mr. Bhatnagar, was of Indian/Asian descent, was hired and was specifically assigned to a position in the Brand Central Department where Mr. Keene had worked[;] . . . That individual, Mohammad Moinuddin, was a newly hired employee and was 43 years of age, substantially younger than Mr. Keene."  (Pl.'s Second Am. Compl. at ¶ 14).

4

Plaintiff filed a First Amended Complaint on March 21, 2005 to include discrimination based on Plaintiff's handicap. (See Dkt. no. 05-828, entry no. 8). Defendants filed an answer and affirmative defenses on April 4, 2005, and filed an amended answer to the First Amended Complaint on February 23, 2006. (See Dkt. no. 05-828, entry no. 9, 16). This Court entered an Order setting discovery deadlines on March 21, 2006 which required Defendants to file summary judgment motions no later than June 9, 2006. (See Dkt. no. 05-828, entry no. 17).

Defendants filed a motion for summary judgment on June 9, 2006 which was granted in part and denied in part on August 2, 2006. (See Dkt. no. 05-828, entry no. 18, 31). Specifically, Defendants' summary judgment motion was granted as to counts 4-6 of Plaintiff's amended complaint (violation of NJLAD for handicap and perceived handicap and intentional infliction of emotional distress), denied as to counts 1-3 (violation of NJLAD for age discrimination, failing to take appropriate remedial action and failure to train, supervise and discipline, and wrongful termination), and denied without prejudice as to counts 7-8 (breach of contract and breach of implied covenant of good faith and fair dealing). (See Dkt. no. 05-828, entry no. 31). During oral argument on the summary judgment motion on July 31, 2006, Judge Cooper noted, without objection or comment from Plaintiff's counsel, that there was no claim for national origin or race discrimination in Plaintiff's complaint. (Defs.' Opp. Mem. at 5).

The present motion arose, not out of the pleadings themselves, but rather in an evidentiary context. A Final Pretrial Conference was held on October 6, 2006, and a Final Joint Pretrial Order was filed on November 6, 2006. (See Dkt. no. 05-828, entry no. 36). Defendants allege that the first time Plaintiff's counsel raised the issue of amending the First Amended Complaint was in his third draft of the proposed Pretrial Order. (Defs.' Opp. Mem. at 5). Specifically, Plaintiff states that it

"was only during the final revisions to the Final Pretrial Order that defendants raised an objection by seeking to include a provision in the Order providing that they intended to object to any evidence at trial relating to referencing Mr. Bhatnagar's national origin or race." (Pl.'s Reply Ltr. Br. at 3). Plaintiff further states that it was at the this time "that it first became apparent that an amendment of the Complaint might be necessary in order to preserve plaintiff's ability to introduce such evidence." Id. at 3-4.

Plaintiff filed the present motion to amend on November 10, 2006. (See Dkt. no. 05-828, entry no. 37) and oral argument was heard on January 3, 2007. In his Proposed Second Amended Complaint Plaintiff seeks to change the reference to Mr. Bhatnagar's national origin in paragraph 9 of the original and first amended complaints from "of foreign descent" to "of Indian/Asian descent." (See Pl.'s Compl. at ¶ 9; Pl.'s Second Am. Compl. at ¶ 9). Plaintiff further proposes to alter paragraph 14 of the original and first amended complaints from referencing only Plaintiff's replacement with younger individuals without disabilities to the following:

> On or about the day that Mr. Keene was terminated by Mr. Bhatnagar, a younger individual, who, like Mr. Bhatnagar, was of Indian/Asian descent, was hired and was specifically assigned to a position in the Brand Central Department where Mr. Keene had worked. That individual, Mohammad Moinuddin, was a newly hired employee and was 43 years of age, substantially younger than Mr. Keene.

(See Pl.'s Compl. at ¶ 14; Pl.'s Second Am. Compl. at ¶ 14). Plaintiff seeks to change Count I from a purely age discrimination violation of the NJLAD to one that includes race and/or national origin.

Plaintiff asserts that the proposed amendment is appropriate under Federal Rule of Civil Procedure 15(a)'s liberal standard. (Pl.'s Ltr. Br. at 28-29). Plaintiff further asserts that his proposed amendment would not be untimely, unduly prejudicial to Defendants, or futile. Id. at 31, 34-35.

6

Plaintiff also argues that the amendment is appropriate pursuant to Federal Rule of Civil Procedure 15(c) because it relates back to the date of the original pleading. Id. at 33. Defendants argue in opposition that Plaintiff's counsel is acting in bad faith in seeking to amend the First Amended Complaint. (Defs.' Opp. Mem. at 5). In addition, Defendants contend that Plaintiff has failed to show good cause for amending the scheduling order pursuant to Rule 16(b). Id. at 7. Defendants further contend that Plaintiff's motion should fail under Rule 15(a) because the proposed amendment would be untimely, prejudicial, and futile. Id. at 10-14.

## II.     DISCUSSION

Plaintiff contends that leave to amend should be freely given pursuant to Federal Rule of Civil Procedure 15(a). (Pl.'s Ltr. Br. at 28-29). Plaintiff further contends that the amendment is not untimely and would not create undue prejudice to Defendants because it is based on the same facts and evidence that have already been addressed by the parties previously in this litigation. Id. at 34-35. Plaintiff further contends that his proposed amendment would not be futile because the same evidence which shows pretext on the part of Defendants provides a basis for establishing racial discrimination. Id. at 31. Plaintiff argues that the racial discrimination claim relates back to the date of the original pleading and is therefore appropriate. Id. at 33. Plaintiff specifically argues that Defendants' alleged racial discrimination arises out of the conduct, transactions, and occurrences set forth in the original pleading. Id.

Defendants argue, in opposition, that Plaintiff has failed to show good cause for his delay in amending the complaint to include national origin and racial discrimination as required under Federal Rule of Civil Procedure 16(b). (Defs.' Opp. Mem. at 7). Defendants further argue that Plaintiff's motion should be denied even under the more liberal standard of Rule 15(a). Id. at 10.

7

Specifically, Defendants contend that Plaintiff's motion to amend is (1) in bad faith because he seeks to "highlight Mr. Bhatnagar's place of birth to the jurors," (2) untimely because it was filed two years after the complaint was filed, after discovery has ended, and following decision on a summary judgment motion, (3) prejudicial because it would require further investigation and discovery, and (4) futile because Plaintiff's claims of racial discrimination are based on speculation with no evidence that a similarly situated individual was treated more favorably than Plaintiff. Id. at 11-14.

Plaintiff replies that issues relating to national origin and race "were raised in the original Complaint as well as during the course of discovery." (Pl.'s Reply Ltr. Br. at 2). Plaintiff argues that it was only during the final revisions of the Final Pretrial Order that Defendants raised an objection regarding Plaintiff's mention of Mr. Bhatnagar's and Mr. Moinuddin's race and/or national origin. Id. at 3. Plaintiff further argues that the passage of time alone does not, without more, constitute undue delay. Id. at 11. Plaintiff also refutes that the amendment would cause Defendants prejudice because Defendants have access to all relevant documents pertaining to the individuals at issue. Id. Plaintiff argues that the facts and evidence of record are sufficient to establish a *prima facie* case of race or national origin discrimination. Id. at 21.

**A.    *Federal Rule of Civil Procedure 15(a)***

Federal Rule of Civil Procedure 15 provides that leave to amend a Complaint "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The decision whether to grant or deny a motion for leave to amend "rests within the sound discretion of the district court." Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998). See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court can deny a motion to amend if (1) there has been undue delay, bad faith, or dilatory motive, (2) if the amendment would be futile, or (3) if there would be prejudice to the

other party. Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005); Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

### 1. Undue Delay, Bad Faith, or Dilatory Motive

The Third Circuit has held that "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984) (citing Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1163 (5th Cir. 1982)). The analysis of undue delay and bad faith require that the Court focus on the plaintiff's motives for not amending the complaint earlier. Id. at 868.

In the present case, Plaintiff filed his motion to amend on November 10, 2006, following the ruling on Defendants' summary judgment motion on August 2, 2006 and the entry of the Final Joint Pretrial Order on November 6, 2006. However, as explained in Adams, the timing of Plaintiff's motion, alone, is not a basis for finding undue delay or bad faith on the part of Plaintiff. Defendants submit that Plaintiff had notice of his failure to plead race or national origin discrimination on July 31, 2006, during oral argument before Judge Cooper on Defendants' summary judgment motion. Defendants argue that only after they objected to any reference to Mr. Bhatnagar's national origin at trial did Plaintiff seek to add a claim for race or national origin discrimination in order to reference Mr. Bhatnagar's national origin and the national origin of other sales associates or customers before the jury. (See Defs.' Opp. Mem. at 7). Therefore, Defendants claim that Plaintiff's intent is to improperly influence the jury with reference to Mr. Bhatnagar's race and national origin.

Despite Defendants' assertions that Plaintiff's behavior and timing reach the level of undue

9

delay and bad faith, the Court finds no evidence to indicate Plaintiff's primary purpose in amending his complaint at this time is to improperly reference the national origin of Mr. Bhatnagar and other associates or customers in front of the jury. Plaintiff referenced Mr. Bhatnagar's race and national origin as early as the initial complaint. Although Plaintiff was put on notice by Judge Cooper during oral argument on Defendants' summary judgment motion that his complaint did not contain the claim of race and/or national origin discrimination, he had numerous opportunities to amend his pleadings to include this cause of action. However, timing alone is not sufficient for a finding of undue delay. Therefore, the Court finds no undue delay or bad faith on the part of Plaintiff in filing this motion to amend.

    **2.    Prejudice**

The Third Circuit Court of Appeals regards the potential of prejudice to the nonmoving party as the "touchstone for the denial of the amendment" pursuant to Federal Rule of Civil Procedure 15(a). Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting Cronell & Co., Inc. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). The nonmoving party has the burden of showing unfair disadvantage or deprivation will result if the amendment is allowed. In re Bristol-Myers Squibb Sec. Litig., 228, F.R.D. 221, 228 (D.N.J. 2005). A finding of prejudice involves a "serious impairment of the nonmovant's ability to present its case," whereas undue prejudice is found when the nonmoving party shows it "would be disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered." Id. (citing Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990)).

In Bristol-Myers, at the time of the motion to amend, discovery had closed with the parties having engaged in "wide-ranging fact discovery." Bristol-Myers, 228, F.R.D. at 223. The Court

found that "allowing Plaintiff to amend the Complaint at this point 'deprives [the Defendants] of fair notice, possibly discovery, and the opportunity for motion practice . . . .'" Id. at 229 (citing Wilson v. Muckala, 303 F.3d 1207 at 1215-16 (2002)). The Court based this finding, in part, on the fact that "Defendants would have to examine each new claim and conduct discovery to fairly defend themselves against these new allegations." Id.

In analyzing prejudice, the Court must focus on the effect on the defendants. Adams, 739 F.2d at 868. In Adams, Defendants asserted that they would be prejudiced if Plaintiffs were allowed to amend their complaint because of additional counsel fees and the need for finality in litigation. Id. at 869. The Third Circuit held that Defendants would not be prejudiced by Plaintiffs' proposed amendment in part because further extensive discovery would not be necessary. Id. However, in Berger v. Edgewater Steel Co., 911 F.2d 911 (3d Cir. 1990), the Third Circuit upheld a district court's decision to deny plaintiff's motion to amend because the addition of a discrimination claim was a broader claim than violation of ERISA and would require extensive discovery. 911 F.2d at 924.

In the present matter, Plaintiff's claim of race or national origin discrimination is based largely on the same facts as the claims in the original and first amended complaints. However, discovery has been conducted based on Plaintiff's claims of age discrimination, not on a claim of race or national origin discrimination. Unlike the Defendants in Adams, Defendants in the present matter would seek more than counsel fees if Plaintiff's motion were granted. Instead, similar to Berger, Defendants would require significant additional discovery.

Plaintiff argues that no additional discovery would be necessary because the "facts and evidence are the same that plaintiff relies upon in support of his age discrimination claim." (See

11

Pl.'s Ltr. Br. at 35). However, during oral argument, Defendants' counsel stated that if Plaintiff's motion were granted, Defendants' would require additional discovery, including the deposition testimony of Mr. Moinuddin and further research into how Mr. Moinuddin was classified racially by Sears and who specifically classified him as such. The Court finds, similar to Bristol-Myers, that if Plaintiff were allowed to amend his complaint at this late stage in the litigation, not only would significant additional discovery be required as in Berger, but also Defendants would be disadvantaged by losing the opportunity for dispositive motion practice based on Plaintiff's additional claim. Therefore, the Court finds undue prejudice to Defendants if Plaintiff were permitted to amend his complaint to include a claim of race and/or national origin discrimination.

    **3.    Futility**

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); see also Onyiuke v. New Jersey State Supreme Court, 435 F. Supp. 2d 394, 403 (D.N.J. 2006) ("An amendment is considered futile 'if the amendment will not cure [any] deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss.'"). Therefore, the same standard for legal sufficiency applies in determining futility and in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."); see also Lesser v. City of Cape May, 110 F. Supp. 2d 303, 331 (D.N.J. 2000).

In analyzing whether a complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), "a court must reasonably read the complaint and decide

whether the plaintiff has pled a cognizable cause of action entitling it to relief." Onyiuke, 435 F. Supp. 2d at 404. For the purposes of this analysis, a court "accepts as true all of the well-pleaded factual allegations within the complaint and any reasonable inferences drawn therefrom." Id. If the proposed amendment is not clearly futile, then denial of the motion to amend is improper. Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).

In the present matter, Plaintiff alleges that Mr. Bhatnagar, a man of Indian descent, fired Plaintiff, a Caucasian male, in order to hire another sales associate of Indian/Asian descent. However, Plaintiff can point to no deposition transcript or factual certification in dispositive motion practice that supports an inference of racial discrimination. Plaintiff's counsel conceded at oral argument that he is not presently aware of Mr. Moinuddin's precise national origin, yet he is basing his race and discrimination claim on the racial connection between Mr. Bhatnagar and Mr. Moinuddin. It appears to the Court that Plaintiff's claim of race and/or national origin discrimination is based on mere speculation.

"The McDonnell Douglas framework, as modified by the Supreme Court of New Jersey, requires a plaintiff to satisfy [the following] four elements by a preponderance of the evidence to establish a *prima facie* case of age discrimination": (1) Plaintiff must show that he belongs to a protected class; (2) Plaintiff must demonstrate he was qualified for the position in question; (3) Plaintiff must show that he was terminated despite his adequate qualifications; and (4) Plaintiff must demonstrate that the "employer sought others to perform the same work after he was terminated from his position." Wright v. L-3 Communications Corp., 227 F. Supp. 2d 293, 298 (D.N.J. 2002). In contrast, the final element in a *prima facie* case of race or national origin discrimination requires Plaintiff to prove that "employees not in the protected class were treated more favorably." Stokes

v. Accounts Receivable Management, Inc., No. 05-00437, 2006 WESTLAW 3228025 * 3 (D.N.J. Nov. 2, 2006).

Plaintiff in the present case has made no claim in the proposed Second Amended Complaint that employees outside the protected class were treated more favorably than Plaintiff and provides the Court no factual or evidentiary basis for a finding of race or national origin discrimination. Plaintiff's proposed amendment to paragraph 14 of his First Amended Complaint provides only that Plaintiff was replaced by Mohammad Moinuddin who "was 43 years of age, substantially younger than Mr. Keene." (See Pl.'s Second Am. Compl. at ¶ 14). Other than the basic fact of Mr. Bhatnagar's and Mr. Moinuddin's ethnicity, of which Plaintiff is unsure for Mr. Moinuddin, Plaintiff's claim of discrimination based on race or national origin invites pure speculation. Therefore, based on a Rule 12(b)(6) standard, which demands the Court accept Plaintiff's allegations as true and view them in a light most favorable to Plaintiff, the Court finds that Plaintiff's motion to amend his complaint to include race and/or national origin discrimination would be futile. The Court notes, however, that it is not ruling on the admissibility of the connection between Mr. Bhatnagar and Plaintiff's replacement at trial.

**B.     *Federal Rule of Civil Procedure 16(b)***

Federal Rule of Civil Procedure 16(b) provides that once a scheduling order has been entered by the Court, it "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."[3]  FED. R. CIV. P. 16(b).

---

[3] Federal Rule of Civil Procedure 16(e) provides that "[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice." FED. R. CIV. P. 16(e). In the present matter, a Final Pretrial Conference was held on October 6, 2006, and a Final Joint Pretrial Order was entered on November 6, 2006. However, because the Court finds that Plaintiff failed to show good cause under Rule 16(b), it will not reach the issue of manifest

Courts "must consider F.R.Civ.P 16(b)'s requirements that scheduling orders only be modified for 'good cause' in conjunction with Rule 15(a)'s directive that leave to amend a complaint be 'freely given.'" Reynolds v. Borough of Avalon, 799 F. Supp. 442, 450 (D.N.J. 1992).

Defendants argue that Plaintiff offers no good cause as to why he did not seek to amend his complaint, which was filed two years ago, to include race or national origin discrimination previously, especially following Judge Cooper's statements regarding the lack of this claim during oral argument on July 31, 2006. Plaintiff contends that Defendants were aware of the race issue prior to this motion because Plaintiff made reference to Mr. Bhatnagar's national origin in his initial Complaint. (See Pl.'s Reply Ltr. Br. at 2). Plaintiff further argues that issues relating to race and national origin were raised in discovery and included in the Statement of Material Facts submitted in connection with Defendants' Motion for Summary Judgment. Id.

During final revisions to the Final Pretrial Order, Defendants raised an objection to any evidence at trial relating to Mr. Bhatnagar's national origin. Id. at 3. Plaintiff argues that it was at this point that he sought to amend the Complaint to "preserve plaintiff's ability to introduce such evidence." Id. at 3-4. Plaintiff's counsel submitted a letter to the Court in advance of the Final Pretrial Conference to make the Court aware of the race/national origin issue to be discussed at the conference. Although the Court's initial inclination was to deny Plaintiff's application without prejudice, the Court instructed Plaintiff to raise the issue by formal motion if he wanted to pursue it further. Plaintiff subsequently filed the present motion to amend his complaint.

On March 21, 2005, Plaintiff filed a motion and was permitted to amend his complaint to include discrimination based on handicap. The Pretrial Scheduling Order, entered on May 17, 2005,

---

injustice under Rule 16(e).

directed that fact discovery would end by November 30, 2005. Plaintiff was put on notice of his failure to plead race and/or national origin discrimination on July 31, 2006, during oral argument before Judge Cooper. However, Plaintiff did not file the present motion to amend the complaint to include this count until November 10, 2006. Plaintiff has provided no satisfactory explanation for his delay in seeking to include the race and/or national origin discrimination claim. Therefore, the Court finds, as an alternative basis for denying the Motion, that Plaintiff has not shown good cause to modify the Court's scheduling order and amend his complaint.

### III. CONCLUSION

For the reasons expressed here, the Court finds no undue delay or bad faith on the part of Plaintiff in seeking to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a). However, the Court finds undue prejudice to Defendants if Plaintiff's motion is granted, in part, because of the need for significant additional discovery. The Court further finds that Plaintiff's claim of race and/or national origin discrimination would be futile under a Rule 12(b)(6) standard. The Court further finds, in considering Federal Rule of Civil Procedure 16(b) in conjunction with Rule 15(a), that Plaintiff has failed to show good cause for modifying the Court's May 17, 2005 scheduling order. Therefore, Plaintiff's Motion to Amend/Correct Complaint is denied.

An appropriate Order accompanies this Memorandum Opinion

**Dated: January 8, 2007**