UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **WILLARD KEENE,** | : | Civil Action No. 05-828 (JJH) |
| **Plaintiff,** | : | |
| v. | : | **MEMORANDUM OPINION** |
| **SEARS, ROEBUCK & CO., INC., et al.** | : | |
| **Defendants.** | : | |

**HUGHES, U.S.M.J.,**

This motion having come before the Court by Defendants Sears, Roebuck, and Company et al. for Motions in Limine to Preclude Evidence of Plaintiff's character [Docket Entry # 52], and to Preclude Evidence of Allegedly Improper Transactions [Docket Entry # 53], both returnable September 4, 2007 in preparation for trial, which is set to begin on September 4, 2007.

    **I.**    **DEFENDANTS' MOTION IN LIMINE**

        *A.*    *Defendants' Motion to Preclude Evidence of Plaintiff's Character*

The proposed reputation testimony of Plaintiff Willard Keene's character is inadmissible. Pursuant to Federal Rule of Evidence 401 "[r]elevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without it." Accordingly, "[a]ll relevant evidence is admissible, except as otherwise provided . . . by these rules." Fed. R. Evid. 402. Evidence that is

1

not relevant is not admissible.  *Id.*

Generally, character evidence is not relevant and thus is inadmissible.  Specifically, "[e]vidence to prove a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."  *See* Fed. R. Evid. 404(a).  However, three exceptions apply.  First, evidence of a pertinent character trait offered by an accused, or offered by the prosecution to rebut the same pertinent character trait is admissible.  Fed. R. Evid. 404(a)(1).  Second, evidence of a pertinent character trait of the victim of the crime offered by the accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor is admissible.  Fed. R. Evid. 404(a)(2).  Third, evidence of the character of a witness, as provided by Federal Rules of Evidence 607- 609, are relevant.  Fed. R. Evid. 404(a)(3).  In addition to the aforementioned exceptions, character is also relevant when it is an essential element of a claim or defense.  *See* Fed. R. Evid. 405(b).  The courts have held that character is not an essential element of an employment claim.  *See Johnson v. Pistilli*, 1996 U.S. Dist. LEXIS 14931, at *4-7, *9-11 (N.D. Ill. 1996) (while character may be an essential element in a defamation action, character is clearly not an essential element of a charge, claim, or defense under Title VII).

In addition, pursuant to Fed. R. Evid. 404(b), evidence of other crimes, wrongs, or acts is inadmissible to prove character; however, it may be admissible for other purposes, such as to prove motive, opportunity, intent, preparation, common plan and scheme, knowledge, identity, or absence of mistake or accident.  Reputation evidence is not evidence of "other crimes, wrongs, or acts" pursuant to Federal Rule of Evidence 404(b).  *See also Johnson*, 1996 U.S. Dist. LEXIS, at

*8.

Here, Plaintiff wishes to introduce good character evidence through reputation witnesses in order to show that he acted in conformity with that character. This type of evidence is the exact type of character evidence that the rule forbids. Thus, Federal Rules of Evidence 404(a)(1) and (2) are inapplicable since this is a civil lawsuit. Federal Rule of Evidence.404(a)(3) is also inapplicable since Plaintiff's character as a witness is not at issue. Moreover, Federal Rule of Evidence 405(b) is inapplicable since character is not an essential element of an employment discrimination claim. Therefore, pursuant to Federal Rule of Evidence 404(a), Defendants' Motion in Limine to Preclude Evidence of Plaintiff's Character is Granted.

    B.  *Defendants' Motion in Limine to Preclude Evidence of Allegedly Improper Transactions*

The evidence of discounts related to Transactions 017441227291, 017441035373, and 017440202589 are admissible as relevant evidence. However, pursuant to Federal Rule of Evidence 608(b), extrinsic evidence about specific acts will not be permitted during cross-examination.

  1.  Mr. Bhatnagar

Pursuant to Federal Rule of Evidence 401 "[r]elevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without it." Accordingly, "[a]ll relevant evidence is admissible, except as otherwise provided . . . by these rules." Fed. R. Evid. 402. Evidence that is not relevant is not admissible. *Id.*

Here, Mr. Bhatnagar's own discounting of merchandise to customers is highly relevant

pursuant to Federal Rules of Evidence 401 and 402.  Evidence relating to Mr. Bhatnagar's treatment of other employees who extended discounts to customers and his own discounting of merchandise allegedly in violation of Company policy without repercussion raises substantial questions as to Mr. Bhatnagar's motivation in terminating plaintiff.  The evidence is directly relevant to (1) Mr. Bhatnagar's credibility regarding his purported belief that Plaintiff's actions were in violation of Company policy, (2) the credibility of Sears' assertion that Plaintiff's actions constituted a terminable offense, (3) the disparate treatment of Plaintiff in comparison to others who engaged in similar conduct but were not disciplined or terminated, and (4) Mr. Bhatnagar's motive, state of mind, and intent in terminating Plaintiff.[1]

Thus, pursuant to Federal Rules of Evidence 401 and 402, Mr. Bhatnagar's conduct is relevant.  Defendants' Motion in Limine to Preclude Evidence of Allegedly Improper Transactions with respect to Mr. Bhatnagar is Denied.

    2.    <u>Mr. Piestsch, Mr. Moinuddin, and Ms. Winquist</u>

As previously noted Federal Rule of Evidence 401 states, "[r]elevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without it."  Accordingly, "[a]ll relevant evidence is admissible, except as otherwise provided . . . by these rules."  Fed. R. Evid. 402.  Evidence that is not relevant is not admissible.  *Id.*

---

[1] The Court disagrees with Defendants' argument that Plaintiff has to show that he and Mr. Bhatnagar are "similarly situated" in order to be relevant.  Rather, Mr. Bhatnagar's behavior is relevant to show his state of mind when firing the Plaintiff (i.e., to show that since Mr. Bhatnagar allegedly gave unauthorized discounts himself, he could not have believed that Plaintiff violated Sears' policies and procedures, thus precluding firing Plaintiff for a legitimate non-discriminatory reason.

Comparative evidence to show that similarly situated, younger employees were treated differently than Plaintiff may be admissible as probative of discrimination. *Fuentes v. Perksie*, 32 F.3d 759, 765 (3d Cir. 1994). The court in *Fuentes* stated that pretext can be established by proving that "the employer treated other, similarly situated persons not of his protected class more favorably . . ." *Id.* "Similarly situated" "employees are ones who (1) must have dealt with the same supervisor, (2) have been subject to the same standards, and (3) have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Martin v. Enterprise Rent-A-Car*, 2003 WL 187432, at *6 (E.D. Pa. 2003). *See also Mosca v. Cole*, 384 F. Supp. 757, 766 (D.N.J. 2005); *Bullock v. Children's Hosp.*, 71 F. Supp. 2d 482, 487 (E.D. Pa. 1999).

Courts have held that evidence of Defendants' treatment of individuals outside the protected class who committed similar infractions of the employer's policies is "especially relevant" to establish an employer's discriminatory intent." *Kehres v. Klein*, 2004 U.S. Dist. LEXIS 24679, at *29 (E.D. Pa. 2004) (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 804 (1973) (noting that "[e]vidence of an employer's conduct towards employees has long been held relevant and admissible to show that an employer's proffered justification is pretext")). Moreover, courts have held that "an employer's failure to follow policies and procedures and inconsistencies in procedures applied by defendants can serve as circumstantial evidence of pretext." *See Wells v. New Cherokee Corp.*, 58 F.3d 233, 236-37 (6th Cir. 1995); *Lindsey v. Prive Corp.*, 987 F.2d 324, 328 (5th Cir. 1993).

Here, Defendants concede that Plaintiff, Mr. Pietsch, Ms. Winquist, and Mr. Moinuddin (also referred to as "the three associates") were governed by the same standards, thus satisfying

5

prong two of the "similarly situated" analysis. (Defs.' Br. at 17). Furthermore, Defendants admit in their brief that the three associates and Plaintiff were supervised by Mr. Bhatnagar. *Id.* Although Defendants contend that the three associates' behavior was reviewed by a different decision-maker, the ultimate inquiry is whether the associates and Plaintiff were supervised by the same person. In this instance, Mr. Bhatnagar was the supervisor to Plaintiff and the three associates.

In addition, the three associates and Plaintiff were involved in the same conduct: the unauthorized discounting of merchandise. Although Mr. Pietsch and Ms. Winquist both gave statements that they had been authorized by Mr. Bhatnagar to give the discounts in question, Mr. Bhatnagar could not recall giving them authorization. *Id.* Thus, there is neither conclusive evidence to suggest they gave unauthorized discounts nor is there conclusive evidence that they gave authorized discounts. *Id.* Similarly, Plaintiff was fired for giving unauthorized discounts to eight customers. The conduct of giving potential unauthorized discounts is not "such differentiating or mitigating circumstances" that would distinguish Plaintiff's conduct from Mr. Pietsch's, Ms. Winquist's, and Mr. Moinuddin's conduct.

Similarly, Mr. Moinuddin's actions were similar to Plaintiff's actions. Moinuddin allegedly believed he had purported authority to discount 2002 floor models. *Id.* Plaintiff, on the other hand, believed that he did not need managerial approval to discount new, undamaged merchandise a few days earlier than the sale was set to begin. *Id.* Although there are minor differences, Plaintiff's and Mr. Moinuddin's conduct - making unauthorized merchandise transactions - are indistinguishable.

Since Plaintiff is similarly situated with Mr. Pietsch, Ms. Winquist, and Mr. Moinuddin,

their transactions are relevant pursuant to Federal Rule of Evidence 401. Thus, Defendants' Motion in Limine to Preclude Evidence of Allegedly Improper Transactions with respect to the three associates is Denied.

      3.      Federal Rule of Evidence 608(b) - Extrinsic Evidence

Pursuant to Federal Rule of Evidence 608(b), "[s]pecific instances of the conduct of a witness for the purpose of attacking or supporting his credibility, other than conviction of a crime . . . may not be proved by extrinsic evidence." The court has found that "the principal concern of the rule is to prohibit impeachment of a witness through extrinsic evidence of his bad acts when this evidence is introduced by calling other witnesses to testify." *Carter v. Hewitt*, 617 F.2d 961, 969 (3d Cir. 1980). When extrinsic evidence is obtained from and through examination of the witness whose credibility is under attack, Rule 608(b)'s "core concerns are not implicated." *Carter*, 617 F.2d at 970.

Here, Federal Rule of Evidence 608(b) does not prohibit questioning a witness about acts or events that may be memorialized in extrinsic evidence. To the extent that the witness acknowledges or concedes the facts about which they are being questioned, Federal Rule of Evidence 608(b) is not implicated because the extrinsic evidence is not being used to impeach the witness. Although Plaintiff may question Mr. Bhatnagar about (a) Mr. Bhatnagar's own transactions and (b) Mr. Pietsch's, Ms. Winquist's, and Mr. Moinuddin's transactions, he may not impeach Mr. Bhatnagar by calling any of the three associates to the stand pursuant to Federal Rule of Evidence 608(b).[2] In other words, Plaintiff will have to "take the witness's answer".

---

[2] It is, of course, important to note that extrinsic evidence, if used for another purpose, such as bias or prior inconsistent statements, could arguably be admissible. *See United States v. Salmon*, 944 F.2d 1106 (3d Cir. 1991).

*Carter,* 617 F.2d at 969.

Thus, the Court will allow Plaintiff to question Mr. Bhatnagar; however, Plaintiff is not permitted to question the three associates about the transactions in question pursuant to Federal Rule of Evidence 608(b)'s mandate.

## II.     CONCLUSION

(1)   Defendants' Motion in Limine to Preclude Evidence of Plaintiff's Character is Granted pursuant to Fed. R. Evid 404(a).

(2)   Defendants' Motion in Limine to Preclude Evidence of Allegedly Improper Transactions with respect to Mr. Bhatnagar is Denied pursuant to Fed. R. Evid. 401 and 402.

(3)   Defendants' Motion in Limine to Preclude Evidence of Allegedly Improper Transactions with respect to the three associates is Denied pursuant to Fed. R. Evid. 401 and 402.

(4)   Plaintiff may question Mr. Bhatnagar about the transactions in question; however, no extrinsic evidence will be allowed pursuant to Fed. R. 608(b).

*/s/ John J. Hughes*
**JOHN J. HUGHES**
**UNITED STATES MAGISTRATE JUDGE**

DATED:     September 4, 2007